**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4831**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHANDRA SPIGNER,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.   Margaret B. Seymour, District Judge.  (5:06-cr-00665-MBS-1)

———————

Submitted:  May 21, 2010              Decided:   June 18, 2010

———————

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Winston David Holliday, Jr., Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Chandra Spigner pled guilty to embezzlement, in violation of 18 U.S.C.A. § 657 (West Supp. 2009). The district court sentenced her to thirty-seven months of imprisonment, the bottom of the advisory sentencing guidelines range. On appeal, Spigner's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Counsel questions, however, whether the district court fully complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting Spigner's guilty plea and whether the court adequately explained the chosen sentence. Spigner filed a pro se supplemental brief.[*] Finding no reversible error, we affirm.

Counsel questions whether the district court fully complied with Rule 11 in accepting Spigner's guilty plea. We have carefully reviewed the record and conclude that the district court fully complied with the mandates of Rule 11. Moreover, the district court ensured that Spigner's guilty plea

---

[*] Spigner asserts that counsel provided ineffective assistance. This court "may address [claims of ineffective assistance] on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Our review of the record leads us to conclude that counsel's ineffectiveness does not conclusively appear from the record. Thus, we decline to review Spigner's ineffective assistance claims on direct appeal.

was knowing and voluntary and supported by a sufficient factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm Spigner's conviction.

Next, counsel questions whether the district court provided an individualized explanation for the sentence imposed. An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, Spigner preserved her challenge to the adequacy of the court's explanation of the chosen sentence by arguing in

3

the district court for a variance sentence of twenty-four months. Lynn, 592 F.3d at 578. Thus, we review her claim for an abuse of discretion. Id. at 579. Our review of the record on appeal convinces us that the district court did not abuse its discretion in explaining the chosen sentence. Id. at 576 ("[I]n explaining a sentencing decision, a court need not robotically tick through § 3553(a)'s every subsection, particularly when imposing a within-Guidelines sentence.") (internal quotation marks and citation omitted).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. We deny Spigner's motion to appoint new counsel. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4